IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARL BOECHERER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>BURLING BANK,<br><br>    Defendant. | 08cv1332<br>Judge: Manning<br>Mag. Judge: Schenkier<br><br>JURY DEMANDED |

### CLASS ACTION COMPLAINT

Carl Boecherer ("Plaintiff"), by his attorneys, The Consumer Advocacy Center, P.C., states as follows for his Class Action Complaint against Burling Bank ("Defendant").

### The Parties

1. Plaintiff is an Illinois citizen and resides in this district.

2. Defendant is a bank with its principal place of business in Chicago, Illinois.

### Jurisdiction and Venue

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because this action is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*, and Regulation E, 12 C.F.R. § 205.1 *et seq.*

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because the transactions at issue occurred in this district, Plaintiff resides in this district and Defendant resides in this district.

FILED

MAR 0 5 2008  TG

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## Statutory/Regulatory Authority

5. The Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), and its implementing Regulation E, 12 C.F.R. § 205.1 *et seq.*, require an automated teller machine ("ATM") operator to provide notice to consumers that the operator will impose a fee on consumers for conducting a transaction at an ATM and the amount of such a fee.

6. Specifically, 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) require that an ATM operator disclose (a) on the ATM, that a fee will be imposed and (b) on the ATM screen, that a fee will be imposed and the amount of such a fee.

7. The EFTA, 15 U.S.C. § 1693b(d)(3)(C), and Regulation E, 12 C.F.R. § 205.16(e), prohibit the imposition of a fee for using an ATM if the foregoing notice requirements are not met.

## Facts Related To Carl Boecherer

8. On August 23, 2007, Plaintiff went to use an automated teller machine ("ATM") located near his current place of employment at the Chicago Board of Trade.

9. In the lobby of 144 W. Jackson Boulevard, Defendant maintained two ATM machines located side by side one another.

10. On August 23, 2007, there were no notices posted on or near either of Defendant's ATM machines located in the lobby of 144 W. Jackson Boulevard that disclosed that users would be charged any fee for their use.

11. On August 23, 2007, Plaintiff used one of Defendant's ATMs located at 141 West Jackson Boulevard, Chicago, Illinois.

12. On August 23, 2007, Plaintiff was charged a $1.75 fee to withdraw money from Defendant's ATM.

13. Inspection of Defendant's ATMs shows that there were no signs or indicia that either of Defendant's ATMs previously had notices of an ATM fee disclosed on or near the surface of either ATM located at 141 West Jackson Boulevard, Chicago, Illinois.

### COUNT I
### VIOLATION OF EFTA AND REGULATION E

14. Plaintiff incorporates herein by reference paragraphs 1-13.

15. Plaintiff brings this Count on behalf of himself and a Class of all persons who were charged a transaction fee for the use Defendant's ATMs located in the Board of Trade Building at 141 West Jackson Boulevard, Chicago, Illinois.

16. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because, on information and belief, the putative class consists of hundreds of persons and is so numerous that joinder of all putative class members, whether otherwise required or permitted, is impracticable. The actual number of putative class members is in the exclusive control of Defendant.

17. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because questions of law and fact common to the Class predominate over any questions affecting only individual putative class members, including:

    (a)    Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendant was an ATM operator at all relevant times during the class period that imposed a fee on consumers for providing host transfer services to those consumers; and

    (b)    Whether, at all relevant times during the class period, Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c).

18. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because Plaintiff's claims are typical of the claims of the putative class members, including:

3

  (a)  Plaintiff and all putative class members used an ATM operated by Defendant;

  (b)  Defendant failed to provide notices compliant with 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) to Plaintiff and all putative class members; and

  (c)  Defendant illegally imposed a fee on Plaintiff and all putative class members for their respective use of Defendant's ATMs located at 141 West Jackson Boulevard, Chicago, Illinois.

19. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable, because Plaintiff will fairly and adequately protect the interests of the Class and Plaintiff has hired counsel able and experienced in class action litigation.

20. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because questions of law or fact common to the Class predominate over any questions affecting only individual putative class members, and a class action is superior to other available methods for the full and efficient adjudication of the controversy.

21. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because this Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

22. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because the size of each putative class member's actual damages is too small to make individual litigation an economically viable option.

23. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because no unusual difficulties will likely occur in the management of the Class as all questions of law or fact to be litigated at the liability stage are common to the putative class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

24. Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendant was an ATM operator at all times relevant to this action.

25. At all relevant times to this action, Defendant was the ATM operator of the Burling Bank ATMs located in 141 West Jackson Boulevard, Chicago, Illinois.

26. Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiff and all putative class members.

27. Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendant, therefore, illegally imposed a fee on Plaintiff and all putative class members for their respective use of Defendant's ATMs.

WHEREFORE, Plaintiff, individually and on behalf of the putative class, requests that this Court enter judgment in his favor and against Burling Bank and award the following:

A. Actual and statutory damages as set forth in the EFTA and Regulation E;

B. Attorneys' fees and costs of suit; and

C. Such other relief as this Court deems proper.

**Plaintiff Demands A Trial By Jury**

CARL BOECHERER, Plaintiff,

By: _____
Lance A. Raphael, One Of His Attorneys

Dated: March 5, 2008

Lance A. Raphael
Stacy M. Bardo
Allison Krumhorn
The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste. 700
Chicago, IL 60602
312.782.5808