IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARL BOECHERER, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 08 cv 1332 |
| v. ) ) ) | Judge Blanche Manning Magistrate Judge Schenkier |
| BURLING BANK, ) ) | |
| Defendant. ) | |

## DEFENDANT BURLING BANK'S
## MOTION TO STAY OR LIMIT DISCOVERY

NOW COMES Burling Bank, by its attorneys, John K. Kneafsey, Donald C. Shine and Thomas M. Lombardo of Nisen & Elliott, LLC, and for its Motion to Stay or Limit Discovery, in accordance with this Honorable Court's standing orders, states as follows:

1. Burling Bank filed its Rule 12(b)(6) Motion to Dismiss on May 19, 2008.

2. As set forth in Burling Bank's Motion to Dismiss, this case should be dismissed in its entirety because Burling Bank installed a sign on its Automated Teller Machine ("ATM") prior to Plaintiff using that ATM.

3. This motion is necessary because Plaintiff's counsel, Lance Raphael, informed Burling Bank's counsel on February 12, 2008 that Plaintiff intends to engage in extensive fact discovery before filing any response to Burling Bank's Motion to Dismiss. Plaintiff's counsel also stated that he intended to file a Rule 56(f) affidavit claiming that Plaintiff cannot respond to Burling Bank's Motion to Dismiss without extensive discovery. However, much of the discovery Mr. Raphael stated he "requires" is aimed *solely* at the issue of class certification.[1]

4. Plaintiff should not be allowed to engage in expensive and unnecessary discovery before filing a response to Burling Bank's Motion to Dismiss, which has the

---

[1] Plaintiff's counsel, Lance Raphael, has already outright rejected the notion of settling the plaintiff's claim individually, indicating that he would not entertain any settlement discussions that were not class-wide. This reflects the true nature of the unnecessary discovery Mr. Raphael now seeks.

potential to conclude this entire case on a single issue: a sign was installed and not later removed by Burling Bank.

5. According to the Seventh Circuit Court of Appeals, "…a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case." Limestone Dev. Corp. v. Village of Lemont, Illinois, 2008 WL 852586 at *4 (7th Cir. 2008), *citing* Bell Atlantic v. Twombly, 127 S. Ct. 1955 (2007). ["And much earlier the Supreme Court had warned against permitting a plaintiff 'with a largely groundless claim to simply take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value, rather than a reasonably founded hope that the discovery process will reveal relevant evidence.'"]

6. In light of the simple and dispositive nature of Burling Bank's Motion to Dismiss, there is no need for the *in terrorem* and largely class-based discovery Plaintiff desires. Alternatively, discovery should be limited to the deposition of Burling Bank's affiant and the named Plaintiff, until a ruling on the Motion to Dismiss is made.

For the above stated reasons and for the reasons, Burling Bank moves to stay or limit discovery, pending a ruling on its Motion to Dismiss.

          Respectfully Submitted,

          BURLING BANK


          /s/ Thomas M. Lombardo
          One of its attorneys

Donald C. Shine
John K. Kneafsey
Thomas M. Lombardo
Nisen & Elliott, LLC
200 West Adams, Suite 2500
Chicago, IL 60606
(312) 346-7800