IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| CARL BOECHERER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1332 |
| | ) | |
| v. | ) | Judge Manning |
| | ) | Magistrate Judge Schenkier |
| BURLING BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## RULE 26(f) REPORT

**A.    Nature of the Case**

(1)    Bases for jurisdiction, nature of the claims and counterclaims.

Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 because this action arises under the Electronic Fund Transfers Act, 15 U.S.C. § 1693 *et seq.*, ("EFTA").

**Plaintiff's Claims**

It is Plaintiffs position that 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) require that an ATM operator disclose that a fee will be imposed on or near the outside of the machine ATM. The Act strictly prohibits the imposition of a fee if such a physical notice is not present.

Plaintiff Carl Boecherer alleges that Defendant Burling Bank violated the EFTA and its implementing regulations, "Regulation E," when it accessed a fee to him and other similarly situated consumers which used Defendants automated teller machines ("ATMs") located at 141 W. Jackson Boulevard in Chicago because there was not physical notice present.

Defendant's position, as more fully set forth in its presently filed motion to dismiss and supporting memorandum, is that: 1) According to the language of the EFTA, an ATM operator cannot be held liable for actual or statutory damages if the operator posted a transaction fee notice on its ATM and if the notice is subsequently removed, damaged or altered by anyone other than the operator; 2) the Plaintiff is not entitled to actual damages under the EFTA because there is no causation, as required by the EFTA, where a plaintiff voluntarily consents to pay the ATM fee by pressing a click-through button; 3) the maxim *volenti non fit injuria* precludes recovery of self-inflicted "damages." At the time of the ATM installation in February of 2006, Defendant alleges that it caused to be-posted the required notices and at no time since the installation did Defendant cause the signs to be removed damaged or altered.

1

**Defendant's Claims**

No counterclaims have been filed.

(2)  Relief sought by plaintiff(s), including computation of claimed damages, if available.

Under the EFTA, 15 U.S.C. § 1693m, Plaintiff seeks actual damages in the amount of the ATM fee which he alleges was improperly charged to him and the class. Plaintiff also seek statutory damages for the class, to be calculated as the lesser of $500,000.00 or 1% of Defendant's net worth, and reasonable attorneys' fees and costs.

The Defendant does not agree that this case is proper for a class action. The defendant also disagrees that the Plaintiff has any recoverable damages or that the Plaintiff's computation of available statutory damages is accurate.

(3)  Names of any parties that have not been served.

None.

(4)  Major legal issues.

Whether Defendant can assert any defense for a claim of statutory damages, if Plaintiff is able to show that the Defendant's ATM was in violation of EFTA for a number of months and that Defendant took no action to remedy the violation.

Whether a Plaintiff can recover actual or statutory damages under the EFTA where it is alleged that the ATM operator installed the requisite fee notice prior to the Plaintiff's use of the Machine and where it is alleged that the operator did not cause the notice to be removed, damaged or altered.

Whether a the EFTA contains causation requirements that prohibit a Plaintiff from recovering actual damages if he voluntarily consents to pay an ATM fee by pressing a click-through on-screen .

Whether the doctrine *volenti non fit injuria* precludes the recovery of self-inflicted damages.

Whether this action meets the requirements for certification of a class under Fed. R. Civ. P. 23.

Whether Defendant can assert any "good faith compliance" defense.

(5)  Major factual issues.

Whether the Defendant installed and did not subsequently remove, damage or alter the fee notices on its ATM.

Whether the Defendant's ATMs did not contain the physical notice required by EFTA during the year preceding this lawsuit and whether Defendant took no action to remedy the fact.

Whether Defendant complied with the notice requirements of 15 U.S.C. § 1693b(d)(3)(B) and 12 C.F.R. § 205.16.

Whether Defendant had policies in place to ensure compliance with 15 U.S.C. § 1693b(d)(3)(B) and 12 C.F.R. § 205.16.

(6) Citations to key authorities which will assist the Court in understanding and ruling on the issues.

15 U.S.C. § 1693b(d) (2007)

15 U.S.C. § 1693b(d)(3)(B)(i). (2007)

12 C.F.R. § 205.16(2007)

*Burns v. First Am. Bank*, 2006 U.S. Dist. LEXIS 92159, *19 (Northern District of Illinois), (citing *Bisbey v. D.C. National Bank*, 793 F.2d 315, 318-19 (D.C. Cir. 1986))

15 U.S.C. § 1693m; *see also Cobb v. Monarch Finance Corp.*, 913 F. Supp. 1164, 1172 (N.D. Ill. 1995) (certifying EFTA class); *Burns*, 2006 U.S. Dist. LEXIS at *2 (same)

*Berenson v. National Financial Services, LLC*, 403 F. Supp. 2d 133, 146 (D. Mass. 2005) (citing *Bisbey v. D.C. National Bank*, 793 F.2d 315, 317 (D.C. Cir. 1986)).

15 U.S.C. § 1693h (d) (2007)

15 U.S.C. § 1693m (2007)

Brown v. Bank of America, 457 F. Supp. 2d 82, 89 (D. Mass. 2006)

Martz v. PNC Bank, 2006 WL 3840354 at *5-6 (W.D. Pa. 2006)

Gover v. Central Vermont Ry. Co., 118 A. 874, 877 (Vt. 1922)

Fitzpatrick v. Flannagan, 106 U.S. 648, 659 (1882)

Marshall v. City of Vicksburg, 82 U.S. 146, 150 (1872)

Kingman & Co. v. Stoddard, 85 F. 740 (7th Cir. 1898)

B.  **Preparation of Draft Scheduling Order**

    (A)    The Plaintiff proposes to make Rule 26(a)(1) disclosures on or before **June 19, 2008**.

           Defendant objects to making such disclosures and has filed a motion to stay or limit discovery pending the resolution of its previously-filed Motion to Dismiss.

    (B)    Amendments to the pleadings and/or joinder of additional parties **30 days prior to the close of non-expert discovery**.

    (C)    The Plaintiff proposes Non-expert discovery will close on **October 10, 2008**.

           The Defendant believes that a discovery schedule should not be entered until after a ruling on its Motion to Dismiss is made.

    (D)    The Plaintiff proposes, the cut-off for both parties to disclose experts is **November 10, 2008**. Any rebuttal experts to be disclosed by **December 14, 2008**. Depositions of the experts shall be taken **within 30 days of designation**. Unless otherwise stipulated, disclosure of experts will include a report fully in compliance with Rule 26(a)(2)(B).

           The Defendant believes that a discovery schedule should not be entered until after a ruling on its Motion to Dismiss is made.

C.  **Trial Status**

    (1)    Jury trial requested.

    (2)    Parties expect the trial to last no more than 3-5 days.

D.  **Consent to Proceed Before a Magistrate Judge**

At this time, the parties do not consent to proceed before a Magistrate Judge for all proceedings including trial.

E.  **Settlement Status**

    (1)    Defense counsel asked Plaintiff's counsel during a phone conference on June 12, 2008 whether settlement solely with the named plaintiff was possible. Plaintiff's counsel responded that there could be no settlement in this case unless it was class-wide.

4

(2) The Plaintiff is willing to have a settlement conference before either this Court or the Magistrate Judge. The Defendant is willing to participate in a settlement conference with respect to the individual named plaintiff, but not on a class-wide basis at this time.

By: s/ Lance A. Raphael
One of Plaintiff's Attorneys
Lance A. Raphael
The Consumer Advocacy Center, P.C.
180 W. Washington St., Suite 700
Chicago, Illinois 60602

By: s/ Thomas M. Lombardo
One of Defendant's Attorneys
Thomas M. Lombardo
Nisen & Elliott, LLC
200 W. Adams St., Suite 2500
Chicago, Illinois 60606