IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARL BOECHERER, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.      08 C 1332 |
| v. | ) ) | Judge Manning |
| BURLING BANK, | ) ) | Magistrate Schenkier |
| Defendant. | ) | |

### PLAINTIFF'S MOTION TO RECONSIDER DISCOVERY LIMITATION

Carl Boecherer ("Plaintiff"), by his attorneys, The Consumer Advocacy Center, P.C., moves this Court to reconsider its order entered June 19, 2008 limiting Plaintiff's discovery to Defendant's chosen affiant. In support of this Motion, Plaintiff states as follows:

1.  On March 5, 2008, Plaintiff filed his Class Action Complaint against Defendant Burling Bank alleging violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq*. ("EFTA"). Specifically, Plaintiff alleged that Defendant violated the EFTA by failing to post a fee notice on the outside of its automated teller machines.

2.  On May 19, 2008, Defendant filed a motion to dismiss supported exclusively by the affidavit of Dora Asmussen ("Asmussen"), Defendant's Vice President and Cashier.

3.  On June 19, 2008, pursuant to a motion by Defendant, this Court limited Plaintiff's discovery to Asmussen.

4.  Defendant further takes the position that this Court limited Plaintiff's discovery to the deposition of Asmussen (i.e., Plaintiff is not entitled to any documents pursuant to a

document rider to the notice of deposition),[1] thus precluding Plaintiff from obtaining any relevant documents. See July 16, 2008 letter, included herewith as **Exhibit 2** and incorporated herein by reference.[2]

5. Plaintiff respectfully submits that this Court's June 19, 2008 ruling was in error, because (a) it precludes Plaintiff from gathering and presenting evidence in support of his case in chief and (b) it precludes Plaintiff from rebutting the self-serving affidavit submitted by Defendant in support of its motion to dismiss, which motion is premised on an affirmative defenses for which Defendant carries the burden of proof.

6. The comments to the 1983 Amendments to Rule 26(b) cautioned that, while courts may exercise discretion in the scope of discovery, "the court must be careful not to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare the case." Fed. R. Civ. P. 26(b) advisory committee's note to 1983 amendments.

7. Presumably, Asmussen will testify to exactly what is in her affidavit and not contradict her affidavit testimony.

8. In a perfect world, if everybody had perfect recollection and always told the truth, it may be fine to accept the word of a single affiant to decide an entire class action case.

9. Indeed, if that were the case, it should be enough that this Court accept the allegations in the complaint as true and not allow Defendant any opportunity to rebut them.

10. In *Flores v. Diamond Bank*, case no. 07 C 6403 (Hibbler, J.), a case premised on the same legal theory as the instant case, the defendant filed a motion to dismiss supported by two (2) affidavits alleging the exact same thing Asmussen alleges in her affidavit, *i.e.*, the bank

---

[1] A copy of the Amended Notice of Deposition, including the document rider, is attached hereto as **Exhibit 1** and incorporated herein by reference.

[2] Defendant's position regarding documents appears to be new, as the issue of a document rider relating to the deposition of Asmussen was raised previously by Plaintiff's counsel with no objection from Defendant's counsel. See email string included as **Exhibit 3** and incorporated herein by reference.

posted a fee notice on an automated teller machine and it has no idea why the notice was missing at the time the plaintiff used the machine. See Affidavit of Kimberly Cole and Affidavit of Lawrence Ligas, included herewith as **Exhibit 4** and incorporated herein by reference. Deposition testimony was consistent with affidavit testimony.

11. However, a photograph commissioned by Diamond Bank itself (obtained through written discovery issued prior to the depositions of Diamond Bank's affiants) and posted on its website belies the affidavit testimony submitted by Diamond Bank in support of its motion to dismiss. Specifically, Diamond Bank commissioned a photographer to take a photo of the bank at a time pre-dating when the bank's affiants say a fee notice was present on its automated teller machine. The photo reveals that a fee notice was not on the automated teller machine when Diamond Bank's affiants say it was. See Affidavit of Barry Rustin and accompanying photos, including an additional zoomed photo added by Plaintiff's counsel) included herewith as **Exhibit 5** and incorporated herein by reference.

12. Had the plaintiff in *Flores v. Diamond Bank* been limited merely to deposing the defendant's affiants, rather than seeking rebuttal evidence, including documents, from the defendant itself and third parties, Plaintiff would never have had the opportunity to discover evidence necessary to rebut the bank's affidavits (and, thus, the very basis for the bank's motion to dismiss).

13. The *Diamond Bank* example highlights the need for Plaintiff here to be able to conduct discovery beyond that which this Court allowed. Plaintiff here is in an identical situation, wherein if he is forced to accept as true Defendant's self-serving testimony, he will never have the opportunity to rebut the testimony with objective evidence.

3

14. Defendant here refuses to disclose <u>any</u> documents to Plaintiff related to the claims in this case, including records relating to the signage on the automated teller machines at issue.

15. Plaintiff is also precluded by this Court's restriction from seeking photographs or video of the automated teller machines from the Defendant or any third party source.

16. This Court's June 19, 2008 order denies Plaintiff the opportunity to prepare his case and to overcome the affirmative defense raised by Defendant.

17. Aside from Plaintiff being precluded from seeking the discovery he deems appropriate to prosecute his case, each of the documents requested in the document rider to the Asmussen notice of deposition (<u>see</u> Ex. 1) relates specifically to the defense raised by Defendant by way of Asmussen's affidavit in support of Defendant's motion to dismiss.

18. Category no. 1 requests

> All documents relating to the purchase, lease, installation, service and/or maintenance of Burling Bank's automated teller machines at 141 W. Jackson Blvd., Chicago, IL ("ATM").

Asmussen's affidavit is premised on the contention that Defendant posted fee notices on its ATMs at the time of installation, and records related to the purchase, installation, service and maintenance of the ATMs should have some reference to signage if such posting occurred. Indeed, the ATMs at issue did have <u>some</u> signage but not fee notices,[3] so documents related to such signage are important to explain the discrepancy and support the veracity of Asmussen's affidavit testimony.

19. Category no. 2 requests

> All documents that provide the basis for the statements in paragraph 8 of the Affidavit attached to Burling Bank's motion to dismiss, that "Burling Bank caused the transaction fee notice to be posted on each of the two ATMs" and "The notices were affixed to the machines with adhesive."

---

[3] <u>See</u> photos of the Defendant's ATMs, attached hereto as **Exhibit 6** and incorporated herein by reference.

4

Tellingly, this so-called statement of fact affirms that "Burling Bank" caused something and "[t]he notices were affixed", which do not even state that Asmussen took the referenced actions, thus (a) the statements are not on personal knowledge and (b) making the case even more compelling that Plaintiff is entitled to supporting documents to verify or rebut Asmussen's affidavit. Plaintiff merely asks for documents expressly related to specific statements in Asmussen's affidavit, which is the only basis for Defendant's motion to dismiss.

20. Category no. 3 requests

> All documents, including contracts, maintenance and service records, memos, notes, e-mails, or correspondence between or among Burling Bank and any other person, partnership or entity relating to the installation, service and/or maintenance of the ATMs and the fee notice signage for the ATMs.

Again, this category merely seeks documents that go to the heart of Asmussen's affidavit. If Defendant is correct that fee notices were posted on the ATMs, somebody must have posted them (and somebody must have removed them, while leaving other signage in place, as shown by Ex. 6). Plaintiff merely requests the documents related to the events that transpired related to the alleged fee notices.

21. Category no. 4 requests

> All documents relating to customer and/or employee complaints regarding the ATMs between February 1, 2006 and March 5, 2008.

Such documents are necessary to show whether Defendant was on notice of missing fee notices, and the timeframe requested is directly correlated to the alleged date of installation according to Asmussen (February 2006) and the date Plaintiff filed his Complaint (March 5, 2008).

22. Category no. 5 requests

> All documents relating to Burling Bank guidelines and policies used to ensure automated teller machine compliance with the Electronic Funds

> Transfer Act, 15 U.S.C. § 1693, *et seq.* ("EFTA") and specifically with regard to the provision related to fee notice signage for the ATMs.

These documents also go to the core of Asmussen's affidavit. She definitively states that fee notices were posted on the ATMs, so Defendant should have guidelines and/or policies showing why such notices were allegedly posted. Given that the ATMs have some signage (see Ex. 6), including availability of deposit notices required by the Expedited Funds Availability Act, 12 U.S.C. § 4001, *et seq.*, it begs the question of whether Defendant's internal procedures show knowledge of the EFTA notice requirements.

> 23. Category no. 6 requests
>
> > All documents identifying the Burling Bank employees and officers that worked at Burling Bank between February 1, 2006 and March 5, 2008, further identifying those employees and officers that were responsible for ensuring compliance with the EFTA's requirements regarding ATM signage.

Particularly because Asmussen's affidavit is stated in passive terms, rather than on personal actions, these documents are important to show which employee(s) and/or officer(s) were actually responsible for EFTA compliance. Asmussen does not affirm that she posted fee notices or affixed them with adhesive or identify what investigation she undertook to determine when an employee of Defendant removed the alleged fee notices. In short, Asmussen is the affiant, but she claims no responsibility for Defendant's fee notices, so Plaintiff is entitled to know who was responsible.

> 24. Category no. 7 requests
>
> > All documents identifying the Burling Bank employees and officers who used the ATMs between February 1, 2006 and March 5, 2008. Transaction logs of the machine will have the employees' PAN numbers.

While Defendant is attempting to play a "get out of jail free card" by alleging it posted fee notices at some point, Asmussen gives no indication of how long the fee notices were missing.

6

The purpose of the EFTA is the provision of consumer rights, and the requested documents may show that many of Defendant's employees and/or officers used the ATMs when fee notices were missing and doing nothing to rectify the violations. Even if fee notices were originally posted, it is untenable that the purpose of the EFTA would be served by never requiring Defendant to post fee notices that are later missing. The purpose of the fee notice requirement is to inform consumers of a fee, and that purpose is not served is the fee notices are missing.

    25.    Category no. 8 requests

> All police reports, memos, documents, e-mails, and correspondence regarding any alleged acts of vandalism at Burling Bank between February 1, 2006 and the present.

Asmussen affirms that "[a]t no time since the ATM transaction fee notices were installed did Burling Bank cause the notices to be removed, damaged or altered." Who did? Defendant carries the burden of proving that somebody not affiliated with Defendant "removed, damaged or altered" the allegedly-posted fee notices, and Plaintiff is entitled to defendant against that affirmative defense. If Defendant did not remove the notices and it was aware of the fee notice requirement, it must have some documentation showing vandalism that lead to the removal of the notices. Plaintiff is entitled to investigate who was actually responsible for allegedly removing the allegedly-posted fee notices.

    26.    Category no. 9 requests

> All photographs, videos, surveillance tapes and digital media of the ATMs and any security records or documents related to the ATMs.

Similarly, this category of documents goes to who allegedly removed the allegedly-posted fee notices. If Defendant can categorically aver that nobody affiliated with it removed the notices, then who did? Plaintiff is entitled to the obvious line of potential evidence that may show who was responsible.

7

27. Category no. 10 requests

> All documents relating to orders for signage for the ATMs.

If the fee notices were ever posted, Defendant must of have bought them for posting. This request merely asks for the documents to prove it.

28. Category no. 11 requests

> All statements or affidavits (and drafts thereof) relating to this lawsuit and/or the ATMs.

Such documents may or may not exist, but if Defendant has possession or control of documents that rebut its own argument, Plaintiff is entitled to them. Without such documents, Plaintiff does not know whether Asmussen was merely the person willing to go on the record with a favorable story or whether others may support or rebut her testimony. Plaintiff has alleged that fee notices were missing (a strict liability violation of the EFTA), and Defendant has alleged an affirmative defense that this Court is disallowing Plaintiff to investigate. This request is quite tailored to the specific issues in this lawsuit.

29. Category no. 12 requests

> All documents relating to any investigation and/or interviews by Burling Bank relating to the signage for the ATMs.

Again, because Asmussen's affidavit is couched in passive terms, thus acknowledging that she had no direct role in posting fee notices on the ATMs, Plaintiff is entitled to know what supports Asmussen's affidavit statements. This is akin to an expert being allowed to take the stand and state conclusions without allowing an opposing party to discovery what research upon which the conclusions were premised.

WHEREFORE, for the foregoing reasons, Plaintiff requests that this Court reconsider and reverse its June 19, 2008 order limiting Plaintiff's discovery and allow Plaintiff to conduct

8

full and complete discovery in support of his case and to defend against Defendant's affirmative defense.

> CARL BOECHERER, Plaintiff,
>
> By:    <u>s/ Lance A. Raphael</u>
>        Lance A. Raphael, One Of His Attorneys

Dated: July 23, 2008

Lance A. Raphael
Stacy M. Bardo
Allison Krumhorn
The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste. 700
Chicago, IL 60602
312.782.5808

9