IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARL BOECHERER, individually and on behalf of all others similarly situated, )<br>)<br>) <br>Plaintiff, )<br>)<br>v. )<br>)<br>BURLING BANK, )<br>)<br>Defendant. ) | Case No. 08 cv 1332<br><br>Judge Blanche Manning<br>Magistrate Judge Schenkier |

**BURLING BANK'S OBJECTION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION OF DISCOVERY LIMITATION**

NOW COMES Burling Bank, by its attorneys, John K. Kneafsey, Donald C. Shine and Thomas M. Lombardo of Nisen & Elliott, LLC, and for its Objection to Plaintiff's Motion for Reconsideration of Discovery Limitation, states as follows:

1. Burling Bank's Motion to Dismiss raises a simple statutory defense. Congress mandates that if Burling Bank installed an ATM fee notice on its machine, and did not subsequently cause the fee notice to be removed, damaged or altered, Burling Bank has a complete legal defense to Plaintiff's Complaint. [15 U.S.C.A. §1693h(d) (West 2008), "Exhibit A."]

2. To prevent the injustice associated with extensive and costly discovery on issues having no bearing on Burling Bank's statutory defense, this Court correctly limited discovery to the deposition of Burling Bank's affiant, Dora Asmussen, who personally installed the fee notice just months before Plaintiff allegedly used the ATM. [June 19, 2008 Transcript, "Exhibit B."]

3. No additional discovery is necessary for Plaintiff to respond to Burling Bank's Motion to Dismiss. Assuming, *arguendo*, that the sign was missing when Plaintiff used the machine, Congress nevertheless chose to shield banks that install the signs and do not subsequently direct their removal.

4. Plaintiff's Motion for Reconsideration, like Plaintiff's objections at the June 19 hearing, seeks leave to engage in expensive and lengthy discovery into issues that are not applicable to Burling Bank's statutory defense.

5. Burling Bank produced Dora Asmussen for her deposition on July 24, 2008. Ms. Asmussen testified that in March of 2007, just five months before Plaintiff allegedly used Burling Bank's ATM, she *personally* affixed two statutorily-compliant fee notices to Burling Bank's ATMs.

6. None of the discovery Plaintiff now seeks is related to whether Ms. Asmussen personally installed the notice before Plaintiff used the ATM. Therefore, none of the discovery Plaintiff now seeks has any bearing on Burling Bank's statutory defense.[1]

For the above stated reasons, Burling Bank requests that this Honorable Court deny Plaintiff's Motion for Reconsideration of Discovery Limitation, and for any further relief this Court deems just.

Respectfully Submitted,

BURLING BANK

/s/ Thomas M. Lombardo
One of its attorneys

Donald C. Shine
John K. Kneafsey
Thomas M. Lombardo
Nisen & Elliott, LLC
200 West Adams, Suite 2500
Chicago, IL 60606
(312) 346-7800

---

[1] For example, Plaintiff seeks discovery into ATM maintenance, vandalism reports and security camera footage. Even if such material existed, it would have no bearing on Burling Bank's statutory defense, because even if the signs went missing after Ms. Asmussen installed them, the statute shields Burling Bank.