**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CARL BOECHERER, on behalf of himself and all others similarly situated, | ) ) | |
| | ) | Case No. 08 C 1332 |
| Plaintiff, | ) ) | |
| | ) | Judge Manning |
| v. | ) ) | |
| | ) | Magistrate Judge Denlow |
| BURLING BANK, | ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS
CROSS-MOTION FOR PARTIAL JUDGMENT**

**Introduction**

Defendant Burling Bank acknowledges the undisputed facts that when Plaintiff Carl Boecherer used Defendant's automated teller machine ("ATM") and on two photographed occasions thereafter, Defendant's two ATMs did not have fee notices posted on them. That is a violation of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq*. ("EFTA").

Defendant contends, however, that it is not liable to Plaintiff because it meets two affirmative defenses.[1] Defendant's arguments are premised on testimony that contradicts Defendant's own earlier testimony and arguments. Additionally, Defendant's arguments are belied by the actual evidence in this case. Therefore, while Plaintiff has presented undisputed evidence of an EFTA violation by Defendant, Defendant has failed to prove its affirmative defenses to overcome Plaintiff's entitlement to summary judgment as to liability.

---

[1] Defendant does not acknowledge that they are affirmative defenses, for which Defendant carries the burden of proof, but that will be addressed below.

1

**Legal Discussion**

I. **DEFENDANT DOES NOT CONTEST THAT IT VIOLATED THE EFTA.**

   A. **Defendant Presents No Evidence Contesting That A Violation Occurred.**

Plaintiff presented undisputed evidence that Defendant's ATMs did not have fee notices posted on them on at least three dates, including at the time Plaintiff used one of Defendant's ATMs.[2]  Pursuant to the EFTA, then, Defendant is liable to Plaintiff unless it proves a viable defense under the EFTA.[3]

Notably, while it does not contest that the fee notices were missing at times, Defendant previously explicitly denied that fee notices were ever missing from its ATMs.  Defendant's Answer to paragraph 10 of the Complaint is reproduced below.

> 10.    On August 23, 2007, there were no notices posted on or near either of Defendant's ATM machines located in the lobby of 144 W. Jackson Boulevard that disclosed that users would be charged any fee for their use.
>
> **ANSWER:**    Burling Bank denies that on August 23, 2007, there were no fee notices posted on or near the ATM machines located in the lobby of 144 W. Jackson Boulevard.

Defendant has stood by that answer throughout this case, despite having clear evidence to the contrary.  Below is a picture taken at or about the time Plaintiff used one of Defendant's ATMs.[4]

---

[2]    *See* Pl's L.R. 56.1 Statement at ¶¶ 7, 8.

[3]    *See* Plaintiff's Memorandum of Law in Support of his Cross-Motion for Partial Summary Judgment on the Class Action Complaint ("Pl's Brf") at pp. 4-5.

[4]    *See* Pl's L.R. 56.1 Statement at Ex. 3.

2



From this picture, it is clear that Defendant's ATMs lack fee notices but have in place, undisturbed, the 11 other signs it had professionally made for the ATMs. There is nary a sign that a fee notice ever existed.

**B.    Defendant's Argument That The EFTA Is Not A Strict Liability Statute Is A Red Herring.**

Defendant spends the vast majority of its response arguing that the EFTA is not a strict liability statute.[5]   It is unclear why Defendant uses so much space to argue the point, since Defendant has presented no evidence to show that it did not violate the EFTA.

---

[5]        *See* Defendant Burling Bank's Response in Opposition to Plaintiff's Cross-Motion for Partial Summary Judgment ("Def's Resp") at pp. 4-7.

Defendant's argument that the EFTA is not a strict liability statute by suggesting that the *Burns* decision is invalid as to this case is unsupported. Besides the *Burns* decision holding that EFTA is a strict liability statute, two appellate courts have also held the same. *See Clemmer v. Key Bank, N.A.*, 539 F.3d 349, 355 (6th Cir. 2008); *Bisby v. D.C. Nat'l Bank*, 793 F.2d 315, 318-19 (D.C. Cir. 1986). Furthermore, the EFTA falls in the same category of consumer protection statutes as the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, which are also strict liability statutes. *See, e.g.*, *Adams v. Nationscredit Financial Credit Services Corp.*, 351 F. Supp. 2d 829, 833 (N.D. Ill. 2004) (TILA); *Randolph v. IMBS, Inc.*, 368 F.3d 726, 733 (7th Cir. 2004) (FDCPA).

But regardless of the liability standard, Plaintiff's evidence of a violation is uncontested.

## II. DEFENDANT HAS NOT PROVEN BY A PREPONDERANCE OF THE EVIDENCE, LET ALONE AS A MATTER OF UNDISPUTED FACT, ANY AFFIRMATIVE DEFENSES TO OVERCOME PLAINTIFF'S UNDISPUTED EVIDENCE OF A VIOLATION.

Defendant argues that it is shielded from liability, despite acknowledging an EFTA violation, because (a) a person other than Defendant removed the fee notices and/or (b) it had procedures in place to prevent violations but the violations occurred anyway. Defendant has not proven either affirmative defense, and Defendant's own contradictory testimony prevents it from doing so.

### A. Defendant Has Presented No Evidence That Any "Person" Removed The Fee Notices.

The "vandalism" defense provides that an ATM operator may escape liability if it posts fee notices that are "subsequently removed, damaged or altered *by any person other than the operator of the automated teller machine.*" 15 U.S.C. § 1693h(d) (emphasis supplied). Remarkably, Defendant argues that it does not have to prove that "any person other than the

4

operator of the automated teller machine" removed, damaged or altered the fee notices. It is difficult to lend credibility to an argument for which Defendant seeks to change the clear language of the statute at issue. If Defendant cannot show that some other "person" vandalized its ATMs, the defense simply does not apply. Notably, the defense has no application if the fee notices simply fall off, because such an action would not involve "any person," let alone a person other than Defendant. Defendant has not identified a single person or even a circumstance involving a person that has removed the alleged fee notices from <u>both</u> of its ATMs on <u>multiple</u> occasions.

        **1.      Defendant acknowledges that <u>it</u> removed fee notices, despite having earlier denied doing so, thus proving that Plaintiff is entitled to summary judgment.**

Very early in this case, Defendant filed a motion to dismiss in which it swore that it installed fee notices with "adhesive" on both of its ATMs when they were installed in February 2006 and that it <u>never</u> removed, damaged or altered the fee notices. Specifically, Defendant stated definitely as follows:

*4.     Burling Bank caused a transaction fee notice to be posted on each of the two ATMs, upon completion of the installation in February of 2006. The notices were affixed to the machines with adhesive and provided:*

> *FEE NOTICE*

> *A fee may be imposed for a cash withdrawal. This fee is added to the amount of your transaction and is in addition to any fees that may be charged by your financial institution.*

*["Exhibit A."]*

***5.     At no time since the ATM transaction fee notices were installed did Burling Bank cause the notices to be removed, damaged or altered. ["Exhibit A."][6]***

---

[6]    *See* Defendant Burling Bank's Memorandum of Law in Support of its Motion to Dismiss (Dkt. 14), at p. 4, which was supported with virtually identical statements in the Affidavit of Dora Asmussen (Exhibit A to the Memorandum) at ¶¶ 8, 9.

Notwithstanding having sworn to the above "facts," Defendant's current summary judgment filings directly contradict its prior testimony. Defendant now acknowledges multiple occasions on which <u>it</u> removed the fee notices and many other occasions on which Defendant's personnel saw fee notices hanging partially attached to the ATMs, missing completely or on the floor.[7] Thus, Defendant's prior sworn testimony that it <u>never</u> removed, damaged or altered the alleged February 2006 fee notices is 100% false, and Defendant now relies on that same affiant, Dora Asmussen, to support its affirmative defenses to Plaintiff's cross-motion and to support Defendant's own motion for summary judgment. This self-serving testimony is capable of being disregarded by the fact-finder and precludes summary judgment for the Defendant on the alleged affirmative defenses.

> **2.** **Defendant's other ATM signage belies Defendant's claim that it posted fee notices on the ATMs.**

Despite claiming that it printed and taped "homemade" fee notices to its ATMs, in March 2006 Defendant ordered eleven (<u>11</u>) professionally-made, industry standard Lexan signs to post on its ATMs. The invoices for those signs are reproduced below.

---

[7] *See* Plaintiff's Response to Defendant Burling Bank's Motion for Summary Judgment ("Pl's Resp") at p. 2. Pl's Resp is incorporated herein by reference.



Not one of the ordered signs was a fee notice, despite these signs being placed on the same ATMs during the same time period that Defendant contends it decided to print its own fee notices. The 11 other signs are pictured below.



Not one of the ordered notices is missing, altered or damaged.  Remarkably, the signs for which

Defendant has proof existed were posted and never removed or in any way disturbed on its

ATMs.[8]

    It certainly begs the question:  if people are just picking at and removing Defendant's

ATMs signs for fun, why just the fee notices?  In truth, the answer is irrelevant, because what is

missing from this case is any evidence that "any person" "removed, damaged or altered" the

---

[8]    In an attempt to overcome the clear evidence in this case and to suggest that some unidentified person must have removed the fee notices on the many occasions on which they were missing, Defendant contends that there was evidence that the non-missing signs on its ATMs, as pictured herein, were subject to "scratching and picking."  *See* Defendant Burling Bank's Reply in Support of its Motion for Summary Judgment ("Def's Reply") at p. 7.  Nothing in any picture even remotely supports a sign of "scratching and picking" and none of the other signs was ever missing, despite having been posted for a year and a half at the time the pictures herein were taken.  Indeed, the other signs were pristine.

alleged fee notices. That is the only standard relevant to determining the applicability of Defendant's so-called vandalism affirmative defense, which is wholly supported except by mere conjecture. But summary judgment is time for facts supported by evidence.[9]

Of course, this Court should not even reach the conjectured vandalism, because the only "evidence" suggesting Defendant ever posted fee notices comes by way of self-serving, contradictory statements of Defendant's officers that are unsupported by any documentary evidence, notwithstanding having documented evidence of posting 11 other signs on its ATMs.

Additionally, the vandalism defense requires proof that the alleged posted notice was compliant with the EFTA, 15 U.S.C. § 1693h(d), but Defendant has presented no evidence of the content of the alleged fee notice that was allegedly posted on the ATM when Plaintiff used it. At best, Defendant presented, in support of its motion to dismiss (dkt. 14), text of what was supposedly on the fee notices installed in February 2006 (how this is known is unclear, because there is no record of such notices now). Defendant has offered nothing showing a compliant notice after that time, despite acknowledging having replaced the alleged fee notices several times between February 2006 and August 2007.

**B.** **Defendant Had No Procedures In Place To Prevent A Violation Of The EFTA**.

Plaintiff need not repeat its arguments made in response to Defendant's motion for summary judgment, which arguments are incorporated herein by reference. However, what is clear from Defendant's reply supporting its motion for summary judgment is that its "reasonable

---

[9]     Defendant's lawyer summed up the extent of the mere conjecture by way of objection. In a deposition, Plaintiff's counsel asked Defendant's 30(b)(6) witness "what is the bank's belief as to why those signs were not on the machines when he put up new machines – when he put up new signs on February 11, 2008?" Defendant's lawyer responded, "Objection; calls for speculation." *See* Exhibit C to Defendant's L.R. 56.1 Statement at p. C-83:15-20. In a nutshell, that is the extent of Defendant's case. It does not know how the alleged fee notices came to be missing, and certainly it has no proof that a person removed them.

maintenance procedures" consisted of replacing repeatedly missing fee notices that fell off.[10] The safe harbor provision in the EFTA requires procedures in place to <u>avoid</u> errors, not use band-aids and hope to not get caught. Defendant defined reasonable by purchasing 11 Lexan signs for each of its ATMs and posting them. None of them were fee notices, but each adhered to the ATMs and were not removed or altered in any way. Instead of ordering and posting fee notices from the same vendor, which clearly worked well, if it ever posted fee notices at all, Defendant used the following procedure:

1. Print fee notice on laser printer, using regular paper
2. Laminate
3. Tape to ATM
4. Notice fee notice missing from ATM
5. Re-tape to ATM
6. Notice fee notice missing from ATM
7. Repeat
8. Repeat
9. Repeat

Defendant clearly had no procedure in place that was reasonably adapted to avoid violating the EFTA, and Defendant has not carried its burden of proof showing that it had such a procedure. Therefore, the defense does not overcome Plaintiff's entitlement to summary judgment.

## <u>Conclusion</u>

Plaintiff proved the existence of a violation of the EFTA; Defendant's ATMs reside inside the Board of Trade building, one of the most secure buildings in the Loop; Defendant has proffered no evidence of vandalism of the ATMs; Defendant has submitted contradictory, self-serving statements to supports its positions; Defendant's officers repeatedly saw that fee notices were missing, if ever they existed; and Defendant did not bother to follow a reliable method for

---

[10] *See* Def's Reply at p. 14.

posting fee notices, despite having found such a method in posting 11 other signs on its ATMs. Despite the above facts, Defendant would have this Court find that Defendant has met its burden of proof and, as a matter of law, that its affirmative defenses overcome Plaintiff's undisputed evidence of an EFTA violation. Defendant wants this Court to ignore the more likely conclusion, which is that fee notices were never posted in the first place, or if, for argument's sake, they had been posted, then they did not just fall off, but were removed (repeatedly and from both ATMs) by some unidentified person(s) (or perhaps a gang of fee notice thieves).

Defendant's arguments are unsupported and unsupportable. Accordingly, this Court should grant Plaintiff's motion for partial summary judgment as to liability.

CARL BOECHERER, Plaintiff,


By:      /s/ Lance A. Raphael
         One of Plaintiff's Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, IL 60602
Tel: (312) 782-5808
Fax: (312) 377-9930