**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CARL BOECHERER, individually and on behalf of all others similarly situated, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BURLING BANK, )<br>)<br>Defendant. ) | Case No. 08 C 1332<br><br>Judge Manning<br><br>Magistrate Judge Denlow |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR
LEAVE TO FILE A 26-PAGE BRIEF IN RESPONSE TO
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff Carl Boecherer, by and through his attorneys, hereby states as follows in opposition to Defendant's request for leave to file an enlarged brief in response to Plaintiff's motion for class certification:

1. Defendant claims that it needs 26 pages to respond to Plaintiff's 12-page memorandum in support of his motion for class certification because of "the substantial issues raised" and "the extensive factual record in this case."

2. But a quick review of Defendant's proposed 26-page brief reveals that Defendant spends in excess of 5 pages discussing the personal and professional background of the Plaintiff and certain completely irrelevant facts, such as noting that the Plaintiff took pictures of the ATM in question on a Sunday. Many of the issues raised by Defendant, such as the existence of the photographs and Plaintiff's use of the subject ATM, are not in dispute and bear no reasonable relation to a legal determination of Mr. Boecherer's adequacy as a class representative.

3. Certification of a class under the Electronic Funds Transfer Act, 15 U.S.C. § 1693 et seq. ("EFTA") is not a novel issue in this district as Judge Hibbler and Judge Kendall have

already granted class action status to other EFTA cases involving virtually identical statutory violations as those alleged in Plaintiff Boecherer's complaint.[1] As such, the issue before the Court – whether the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are met – does not require 11 extra pages of hyperbole, speculation, and innuendo to take Defendant's brief beyond this district's standard memorandum requirement of a 15-page limit.

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant's motion for leave to file an enlarged memorandum and require that Defendant respond to Plaintiff's motion for class certification according to the standard local rules on page limitations.

Respectfully submitted,

By: /s/ Stacy M. Bardo
One of Plaintiff's Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, IL 60602
Tel: (312) 782-5808
Fax: (312) 377-9930

---

[1] *Burns v. First American Bank*, Case No. 04 C 7682 (Docs. 74, 75) (Kendall, J.); *Flores v. Diamond Bank*, Case No. 07 C 6403 (Docs. 82, 83) (Hibbler, J.)