**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CARL BOECHERER, on behalf of himself and all others similarly situated, )<br>)<br>) | Case No. 08 C 1332 |
| Plaintiff, )<br>) | Judge Manning |
| v. )<br>) | Magistrate Judge Denlow |
| BURLING BANK, )<br>) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT BURLING BANK'S
MOTION TO RECONSIDER THIS COURT'S ORDER DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING PARTIAL SUMMARY JUDGMENT TO PLAINTIFF**

**I.     Introduction**

Defendant's motion presents no basis for this Court to reconsider its December 1, 2009 order. A motion filed under Rule 59(e), "must clearly establish either a manifest error of law or fact or must present newly discovered evidence."[1] Further, "[m]otions to reconsider are not for use by parties who simply want to 'rehash' the same arguments or are disgruntled with the result."[2] Defendant has identified neither a manifest error or law or fact nor newly discovered evidence. Rather, Defendant's motion is just a rehashing of its previously-presented arguments, thus requiring that this Court deny Defendant's motion.

This Court correctly determined that Defendant was not excused from liability under § 1693h(d) of the Electronic Funds Transfer Act ("EFTA") because Defendant presented <u>no</u>

---

[1]     *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995).

[2]     *Burns v. First American Bank*, No. 04 C 7682, 2007 U.S. Dist. LEXIS 2261, *2 (N.D. Ill. Jan. 12, 2007).

1

evidence that the fee notice at issue in this case was "subsequently removed, damaged or altered *by any person other than the operator of the automated teller machine.*"[3]

Moreover, Defendant's motion to reconsider this Court's ruling on its detrimental reliance argument is moot, because Defendant misread the order. This Court found that, as Plaintiff did not address Defendant's argument regarding detrimental reliance, the issue had been abandoned. As Plaintiff does not seek reconsideration of this issue, which was ruled on in Defendant's favor, no reconsideration is necessary.

## II. This Court Properly Granted Summary Judgment To Plaintiff On Defendant's Vandalism Defense

Throughout its motion, Defendant contends that this Court erred in granting partial summary judgment to Plaintiff on Defendant's vandalism defense (15 U.S.C. § 1693h(d)), because Plaintiff did not expressly request summary judgment on the affirmative defense.[4] However, Plaintiff requested summary judgment on liability as a whole, which encompassed any defenses Defendant may have had. Plaintiff was under no duty to raise Defendant's affirmative defense arguments for it, but it addressed them when they were raised by Defendant. Defendant had the burden to raise and support its affirmative defenses, which it failed to do. Accordingly, this Court properly found that Defendant's vandalism defense was no longer viable and should not go to a jury. Pursuant to Rule 56(d)(1), this Court properly narrowed the issues left for trial by limiting them to the question of whether Defendant had reasonable maintenance procedures in place to avoid a violation of EFTA.

---

[3] Mem. Op. at p. 6 (Doc. 102) (emphasis in original).

[4] *See, e.g.*, Def's Mot. at p. 2 (fn 2).

2

**III. This Court Properly Found That Burling Bank Failed To Set Forth Evidence In Support Of Its Vandalism Affirmative Defense, Warranting Judgment For Plaintiff On That Defense**

Plaintiff's motion for partial summary judgment as to liability was appropriately granted in part because Defendant presented no evidence to support its affirmative defense under § 1693h(d) – namely, that it is not liable for the missing fee notice violation because EFTA provides an exception for notices that are "subsequently removed, damaged or altered by any person other than the operator."[5] In the absence of this evidence, the Court had no choice but to render judgment in Plaintiff's favor on the affirmative defense:

> Summary judgment is proper if the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). **The nonmoving party must point to specific facts showing that there is a genuine issue for trial, and inferences relying on mere speculation or conjecture will not suffice**. *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).[6]

Defendant contends in its motion to reconsider that Plaintiff did not meet his burden of proof and the Court should not have entered partial summary judgment in Plaintiff's favor. However, Plaintiff provided testimony and photographic evidence that Defendant's ATMs did not have the required fee notices posted when Plaintiff used the machine.[7]

---

[5] 15 U.S.C. § 1693h(d).

[6] *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009) (emphasis added).

[7] *See* Pl's Statement of Additional Material Facts at ¶¶ 2-3 (Doc. 90).



Under EFTA's strict liability standard,[8] Plaintiff met his burden of proof by providing testimony and photographic evidence of Defendant's violation. The only way for Defendant to overcome strict liability was to plead and prove its affirmative defenses, namely that: (1) someone other than the bank removed the fee notices and (2) the bank had reasonable procedures in place to avoid the EFTA violations. Under § 1693h(d), Defendant therefore needed to prove two facts – (1) that somebody other than itself; (2) removed the posted fee notice. This Court

---

[8] *See Burns v. First American Bank*, No. 04 C 7682, 2006 U.S. Dist. LEXIS 92159, *19 (N.D. Ill. Dec. 19, 2006).

4

correctly noted that Defendant "has failed to point to any specific competent evidence" that somebody outside the bank removed the alleged fee notices.

In light of Defendant's evidentiary failings, the Court's ruling – that Defendant did not meet its burden under § 1693h(d) – was absolutely correct.

### A.     Defendant Presented No Evidence Of Third Party Intervention

At no point in the parties' summary judgment briefing did Burling Bank cite to a single piece of admissible evidence establishing vandalism or any other unauthorized third party act. Therefore, this Court had no basis to find a triable issue of fact as to the § 1693h(d) affirmative defense. In fact, ¶ 18 of Defendant's L.R. 56.1 Statement alleged the following:

> Other than during the course of replacing the Fee Notices, no Fee Notice was ever removed by or at the direction of Burling or its authorized personnel, or with the knowledge, consent or approval of Burling or any of its authorized personnel.

The glaring omission from Defendant's "statement of undisputed fact" is a citation to any evidence, a plain violation of L.R. 56.1(a)(3), and giving this Court no choice but to find in favor of Plaintiff on this point.

As noted on pages 6 and 7 of the December 1, 2009 order, Defendant tried to assert that, if it demonstrated that no one at the bank removed the notice, it is immune from liability. This is incorrect because the statutory provision clearly provides that Defendant needs to show what a third person did, not what the bank did not do.

> (d) Exception for damaged notices. If the notice required to be posted pursuant to section 904(d)(3)(B)(i) [15 USCS § 1693b(d)(3)(B)(i)] by an automated teller machine operator has been posted by such operator in compliance with such section <u>and the notice is subsequently removed, damaged, or altered by any person other than the operator of the automated teller machine</u>, the operator shall

5

have no liability under this section for failure to comply with section 904(d)(3)(B)(i) [15 USCS § 1693b(d)(3)(B)(i)].[9]

Without presenting this evidence, Defendant cannot claim there is a triable question of fact as to whether a person other than the operator of the ATM removed the required fee notice. A genuine issue for trial is shown by pointing to specific facts.[10] What Defendant has done is offer mere conjecture that "someone must have peeled off the notices because no one at the Bank did." Even treating Defendant with the benefit of non-movant status with regard to Plaintiff's motion, favor toward the nonmoving party does not extend to drawing "[i]nferences that are supported by only speculation or conjecture."[11] A court may conclude that a genuine issue of material fact exists "only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party."[12]

This Court properly applied the summary judgment standard because there is a complete absence of any evidence of the vandalism defense and, accordingly, Defendant's request for reconsideration on those grounds clearly fails. Defendant's claim (that the fee notices were absent because of a third party) does not go to a jury because Defendant presented no evidence sufficient to survive the first hurdle – summary judgment.[13]

---

[9] 15 U.S.C. § 1693h(d) (emphasis added).

[10] *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008).

[11] *McDonald v. Village of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004).

[12] *Sides v. City of Champaign*, 496 F.3d 820, 826 (7th Cir. 2007).

[13] Pursuant to Rule 56(d)(1), effective December 1, 2009, Defendant's vandalism defense cannot reach a jury because this Court found that Defendant failed to present any supporting evidence at the summary judgment stage.

### B. Defendant Improperly Tries to Shift Its Own Burden To The Plaintiff

Defendant next claims that the Court erred in granting judgment for Plaintiff because Plaintiff has not produced evidence to show that the fee notices were removed by anyone other than a third party. Defendant's argument is baseless. First, it is not Plaintiff's burden to establish the elements of the Defendant's affirmative defense. Defendant claimed an affirmative defense of third party involvement under § 1693h(d) – it is thus a defense to be proved by the Defendant, the party asserting it.[14] Plaintiff does not need to demonstrate that the notice was removed by a third party.

Second, Defendant continues to misrepresent what the evidence shows, stating, for example, on page 6 of its motion to reconsider, "the undisputed facts of this case are that Burling posted the Fee Notices using a proper and effective adhesive." However, one of Defendant's witnesses claimed that fee notices were printed on copy paper and Scotch-taped to the machines. Another of Defendant's witnesses testified that she saw ATM fee notices lying on the floor and in various states of "falling off" the machines. With Defendant admitting it removed, replaced,[15] and saw the fee notices either missing completely or on the floor,[16] Defendant cannot claim that

---

[14]  *See Palace Entertainment, Inc. v. Bituminous Casualty Corp.*, 793 F.2d 842, 843 (7th Cir. 1986) (*citing Hale v. Matthews*, 118 Ind. 527 (1889) ("The general rule in civil case is that a party having the burden of an issue shall succeed upon that issue if he can bring to his aid a preponderance of the evidence.")). *See also Salas v. Wisconsin Department of Corrections*, 493 F.3d 913, 922 (7th Cir. 2007) (an affirmative defense is the defendant's burden to prove).

[15]  *See* Pl's Statement of Additional Material Facts at ¶¶ 11-13 (Doc. 90).

[16]  *See* Pl's Statement of Additional Material Facts at ¶¶ 6-7 (Doc. 90) (*citing* Def's Exhibit B, B-87-89; B-96-98 – "I walked out of the bank, and it [the fee notice] was laying on the floor in front of the machine." (Chambers Dep., 87:17-19). *See* Pl's Statement of Additional Material Facts at ¶ 5 (Doc. 90) (*citing* Pl's Exhibit 3, 58:16-22 – "Q: Well, do you recall seeing that there was no notice up there when you put the sign on February 11, 2008? A: Yes. Q: You recall seeing that there was a notice or -- A:

7

the evidence shows the adhesive was effective and that, if the notices were ever missing, they were removed by unknown third parties. Burling Bank never cites to any evidence establishing vandalism or any other unauthorized third party act and in fact, the only evidence Burling Bank provided is that, on multiple occasions, Defendant itself removed the notices, altered the notices or saw that the notices were missing. In light of the testimony and evidence, this Court correctly noted in its December 1, 2009 order, "The bank has not pointed to any authority that would allow it to seek protection pursuant to this section under such circumstances."[17]

Third, what Plaintiff was required to establish for his case-in-chief – that the fee notice was missing – he established through evidence, such as the photograph reproduced above.[18] From the picture, it is clear that Defendant's ATMs lack the fee notices and also, show no evidence of vandalism or any sticky residue to indicate that the notices ever existed but were picked at or peeled off by unknown and unidentified third parties. As such, and in light of Defendant's failure to provide anything other than speculation and conjecture to establish its affirmative defense, this Court correctly found in Plaintiff's favor on that defense.

### C. Defendant Challenges This Court's Reasoning On § 1693h(d), An Invalid Basis For Reconsideration

Simply put, Defendant does not like the result here. This Court reviewed the plain language of § 1693h(d) and determined that the statute was clear and straightforward. Because the statute expressly refers to "any person other than the operator of the automated teller machine," it is reasonable for this Court to have concluded that the ATM operator needs to show

---

Was not.")

[17] Mem. Op. at p. 7 (Doc. 102).

specific third party involvement in order to claim the protection of this section of EFTA. To succeed on its motion, Defendant must show a "manifest error of law or fact," and this Court's application of statutory construction standards to the statute was reasonable and appropriate. A motion to reconsider must be more than a presentation of the same arguments presented previously and will not be granted where it "challenges only the Court's reasoning, not its apprehension."[19] As that is what Defendant has done here, there are no sufficient grounds to justify reconsideration.

**IV.   Conclusion**

Defendant's motion presents no sufficient basis to cause this Court to reconsider its December 1, 2009 order and as such, the motion to reconsider should be denied in its entirety.

Respectfully submitted,

By: /s/ Stacy M. Bardo
One of Plaintiff's Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, IL 60602
Tel: (312) 782-5808
Fax: (312) 377-9930

---

[18]   *See* Pl's L.R. 56.1 Statement at Exhibit 3 (Doc. 86).

[19]   *Burns*, 2007 U.S. Dist. LEXIS 2261 at *2.