IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARL BOECHERER, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) BURLING BANK, ) ) Defendant. ) | Case No. 08 CV 1332<br><br>Judge Blanche Manning<br>Magistrate Judge Schenkier |

**DEFENDANT BURLING BANK'S REPLY IN SUPPORT OF ITS MOTION TO RECONSIDER**

Plaintiff has asserted a claim against defendant Burling Bank ("Burling") alleging a violation of the required Fee Notice posting requirements imposed under the Electronic Funds Transfer Act ("EFTA") and its implementing Regulation ("Regulation E"). This Court denied defendant's request for summary judgment as to the applicability of Section 1693h(d)[1] as a complete defense to liability for the alleged violation of the EFTA at issue in this case. Without discussing the burden imposed upon plaintiff to establish that summary judgment was warranted in his favor as to the inapplicability of this exception (an argument not made by the plaintiff

---

[1] Section 1693h provides in pertinent part:
(d) Exception for damaged notices
If the notice required to be posted pursuant to section 1693b(d)(3)(B)(i) of this title by an automated teller machine operator has been posted by such operator in compliance with such section and the notice is subsequently removed, damaged, or altered by any person other than the operator of the automated teller machine, the operator <u>shall have no liability</u> under this section for failure to comply with section 1693b(d)(3)(B)(i) of this title. (15 U.S.C. § 1693h(d))(emphasis added)

1

either in his response or cross-motion), this Court granted summary judgment in favor of plaintiff holding that Section 1693h(d) is inapplicable as a matter of law.

In its Motion to Reconsider, defendant argues that although this Court determined that defendant did not meet its burden in establishing summary judgment as to the applicability of Section 1693h(d) as a complete defense to liability disposing of this litigation, this determination did not warrant the entry of summary judgment in favor of plaintiff on this issue. Plaintiff did not meet its correlating burden of "establishing the lack of any genuine issue of material fact" and that Section 1693h(d) cannot be invoked by the defendant in this case, as a matter of law. *Taylor v. Exxon Mobil Corp*. 2009 WL 458610, 3 (N.D.Ill. 2009)(Manning, J.). *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Rather, as defendant has argued at length in its Motion, there is sufficient evidence in the record to create a question of fact concerning the removal of the allegedly absent Fee Notices at issue in this case, and resolution of this disputed issue of fact is a matter properly left to resolution by the jury that will ultimately hear this case. On the basis of this alleged misapplication of law to the facts of this case, defendant has requested that this Court reconsider and reverse its entry of summary judgment in favor of plaintiff as to the applicability of Section 1693h(d) as a defense to liability in this case. Defendant additionally argues that it did not "waive" its "detrimental reliance" argument, which was undisputed by the plaintiff.

In his Response in opposition to the Motion to Reconsider, plaintiff asserts three primary arguments: (1) that defendant's Motion improperly "rehashes" its previous arguments raised within the context of the cross-motions for summary judgment; (2) that although he did not expressly request summary judgment determination as to the applicability of Section 1693h(d),

2

he nevertheless satisfied any "burden" imposed upon him in defeating the applicability of this defense because he introduced "testimony and photographic evidence that Defendant's ATMs did not have the required fee notices posted *when Plaintiff used the machine*." (*See* Response, p. 3)(emphasis in original); and (3) that defendant "needed to prove" that someone other than the defendant removed the Fee Notices and that because, according to plaintiff, there is "no evidence" that the Fee Notices were removed, defendant failed to "to prove" removal by a third party and this warranted the entry of summary judgment in favor of plaintiff as to the applicability of Section 1693h(d) (*Id.*, p. 4).[2]

     Each of these arguments is invalid. First, defendant has identified errors of law and/or fact warranting reconsideration under FRCP 59(e). Second, to sustain summary judgment in favor of the plaintiff despite his failure to establish, as a matter of indisputable material fact, that Section 1693h(d) is inapplicable finds no legal support whatsoever under the clear language of the statute, and would violate the well established requirements imposed under Federal Rule of Civil Procedure 56. Third, and perhaps most important, regardless of the relative burden on each of the parties in establishing the propriety of summary judgment, there is more than ample evidence in this case upon which a reasonable jury could find that any absence of the Fee Notices at issue from the defendant's ATMS was necessarily effectuated by the actions of a third party. Indeed, the un-controverted evidence in this case is that defendant posted the required Fee Notices. There is no evidence that: (1) defendant ever removed a Fee Notice other than in the

---

[2] Lastly, plaintiff submits that the issue of detrimental reliance was decided in favor of defendant, and therefore its argument for reconsideration of this issue is misplaced. If, as plaintiff contends, this Court's ruling is that plaintiff cannot assert a claim for actual damages on behalf of himself or the putative class on the basis that he has failed to plead or prove "detrimental reliance" then defendant withdraws its request for reconsideration of this issue.

context of immediately transferring or replacing the Fee Notices; or (2) that the adhesive used to adhere to Fee Notices to the ATMs was inherently defective such that Fee Notices would have come unaffixed from the ATMs without any third party provocation. The available evidence in this case would allow a jury to reasonably conclude that if either of the Fee Notices at issue were ever absent from either of the ATMs, these Fee Notices were removed by a third party or as the result of third party provocation. At the very least, there are disputed issues of fact as to whether the Fee Notices were removed by a third party and accordingly, this Court should reconsider and reverse its December 1, 2009 Order granting summary judgment in favor of the plaintiff as to the applicability of Section 1693h(d) as a defense to liability in this case.

**A.    Defendant Has Identified a Manifest Error of Law And/or Fact So as to Warrant Reconsideration under FRCP 59(e).**

As this Court recognized in *Woolner v. Flair Communications Agency, Inc*, "[t]o succeed on a motion to reconsider pursuant to Rule 59(e), the moving party must raise either newly discovered evidence or a manifest error of law or fact. Whether to grant a Rule 59 motion is entrusted to the sound judgment of the district court." 2005 WL 281219, 1 (N.D. Ill.2005)(Manning, J.)(internal citations omitted). In this case, defendant has identified both manifest errors of law and fact in accordance with FRCP 59(e). Specifically, because the applicability of Section 1693h(d) as a defense to liability for the alleged EFTA violation in this case involves disputed issues of fact, and because the plaintiff has not satisfied its burden of establishing that summary judgment in his favor on this issue is warranted, this Court erred in granting summary judgment and thereby precluding defendant from presenting this affirmative defense to the jury that will ultimately decide this case. Moreover, regardless of the relative

burden imposed upon a party seeking the entry of summary judgment in its favor, there are disputed issues of fact which render summary judgment as a matter of law improper. Defendant's Motion is not a "rehashing" of its previous arguments and plaintiff's contention otherwise is invalid and should be rejected.

B. **Plaintiff Did Not Satisfy its Burden in Establishing That There Is No Disputed Issue of Fact as to Whether the Fee Notices Were Removed by a Third Party.**

Courts in this District have uniformly recognized that where, as in this case, the parties file cross motions for summary judgment "the Court evaluates each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Winfrey v. Cermak Health Services of Cook County*, 2009 WL 498014, 1 (N.D. Ill. 2009); citing *Berrum v. Freyberger,* No. 01 C 802, 2004 WL 557394, *2 (N.D.Ill. 2004). However, as recognized in *Winfrey*, "this does not necessarily mean the Court must grant judgment as a matter of law for one side or the other; summary judgment in favor of either party is not proper if disputes remain as to material facts." *Id.*; see also *Ford v. Clark*, 2007 WL 1149200, 6 (N.D. Ill. 2007) (denying cross motions for summary judgments where "[n]either party has established either that no material facts are in dispute, or that the respective movants are entitled to judgment as a matter of law.")

In this case, in evaluating defendant's Motion for Summary Judgment and drawing all reasonable inferences against the defendant as the movant, this Court denied defendants' Motion for Summary Judgment as to the applicability of Section 1693h(d) as an absolute defense to liability as a matter of law. In so doing, this Court determined that, "it is *possible* that the sign fell off the machine on its own." (Order, p. 7)(emphasis added). Accepting this Court's determination that defendant was not entitled to summary judgment as to the applicability of this

Section as an absolute defense to liability, this does not warrant the entry of summary judgment in favor of plaintiff as to the applicability of this exception, which this Court acknowledges is the subject of disputed issues of fact. Indeed, just as this Court has determined that defendant did not present sufficient evidence of a third party's involvement in removing either of the Fee Notices sufficient to warrant summary judgment in defendant's favor, plaintiff has not produced *any* evidence whatsoever to suggest that removal of the notices was, or even could have been, effectuated by any force or circumstance *other* than by unidentified third parties which encountered these publicly accessible ATM machines.

In response to the Motion to Reconsider, plaintiff submits that - to the extent any "burden" can be imposed upon him as the movant seeking summary determination as to the applicability of Section 1693h(d) - he satisfied this burden because he introduced "testimony and photographic evidence that Defendant's ATMs did not have the required fee notices posted *when Plaintiff used the machine.*" (*See* Response, p. 3)(emphasis in original) This argument is illogical. Assuming, as plaintiff asserts, that the Fee Notices were absent from the ATMs on these three occasions, this does not serve as "evidence" that the Fee Notices were not removed by a third party, and therefore Section 1693h(d) is inapplicable. Indeed, because it is undisputed that the Fee Notices were posted, if, as plaintiff maintains through his testimony and photographic evidence, the Fee Notices were not on those machines on the three specific times in question, it is reasonable to conclude that these Fee Notices were removed by a third party or through provocation by a third party. In sum, the testimony or photographic evidence plaintiff has submitted in this case does not satisfy his burden in establishing that defendant should be precluded, as a matter of law, from arguing the applicability of Section 1693h(d).

In fact, plaintiff has not produced *any* evidence whatsoever to suggest that removal of the notices was, or even could have been, effectuated by any force or circumstance *other* than by unidentified third parties which encountered these publicly accessible ATM machines and there is no basis upon which to award summary judgment in favor of plaintiff on this disputed issue. Although plaintiff's briefs on the cross motions for summary judgment are replete with conclusory allegations that the means and method by which the notices were affixed to the ATMs was somehow "inept," there is no evidence in this case that, as a result of the means Burling elected to employ in securing the notices to their ATMs (which this Court expressly held is permissible under the statute and its implementing regulation), any notice ever spontaneously came unaffixed to an ATM, without any third party provocation.

Plaintiff is not entitled to summary judgment as a matter of law as to the non-applicability of Section 1693h(d) where it has not produced any evidence that the notices "fell off" the machines without third party provocation and his purported reliance on "testimony and photographic" evidence which purportedly demonstrates that the Fee Notices were absent on three isolated instances does not support a finding, as a matter of law, that Section 1693h(d) is inapplicable as a defense to liability in this case.

**C.     The Evidence in this Case Would Support a Determination That Section 1693h(d) Applies as a Defense to Liability.**

Despite plaintiff's assertion that, in order to defeat summary judgment in favor of plaintiff as to the applicability of Section 1693h(d), defendant "needed to prove" that the Fee Notices were removed by a third party, this is complete misstatement of the applicable burden within the context of the parties cross-motions for summary judgment. Regardless, the fact

remains that the only evidence produced in this case establishes that the Fee Notices could only have become partially or completely unaffixed to the ATMs through provocation and/or tampering by unidentified third parties. At the very least, there are disputed issues of fact as to whether the notices were removed by unidentified third parties, and therefore plaintiff is not entitled to summary judgment as a matter of law as to the applicability of Section 1693h(d). Accordingly, the argument that there is "no evidence" of removal by a third party is patently erroneous.

Defendant is entitled to argue to the jury that because the Fee Notices were affixed to the ATMs and the means and method of affixation was secure, no Fee Notice could have become detached from the machine without some deliberate conduct by a third party. Indeed, whether the particular adhesive used was sufficient to adhere the Fee Notices, which consisted of white paper laminated, is a factual issue to be determined by the jury. There is no evidence of improper removal by the defendant. There is ample evidence that these machines were generally accessible to the public and were frequented by many users on daily basis. In light of these facts, a jury could determine that the absence of a Fee Notice was necessarily effectuated by a third party, and not by the fault or wrongdoing of the defendant.

The applicability of Section 1693h(d) involves a disputed factual issue which should be reserved for the jury: does the evidence support a finding that the Fee Notices spontaneously and without provocation became unaffixed to the machine as a result of defective and/or ineffective adhesive (as plaintiff maintains); or is it reasonable to conclude that if the Fee Notices were ever absent from the machines, they were removed by a third party or as a result of third party provocation (as defendant maintains)? Plaintiff's suggestion that there is "no evidence" in this

case upon which the defendant can establish that Section 1693h(d) applies to defeat liability ignores the factual record in this case. At the very least, the evidence in the record establishes that there are disputed issues of material fact as to how any Fee Notice could have become unaffixed to defendants' ATMs, and accordingly, summary judgment as to the applicability of Section 1693h(d) is precluded under the unique facts of this case.

D.   **Defendant Requests That Plaintiff Be Expressly Precluded from Asserting a Claim for Actual Damages on His Own Behalf or on Behalf of the Putative Class.**

As a final matter, in response to defendant's Motion to Reconsider, plaintiff asserts defendant "misread" this Court's December 1, 2009 Order which, according to plaintiff, resolved the issue of plaintiff's failure to plead or prove "detrimental reliance" as required to recover actual damages under the EFTA in favor of the defendant. To the extent that plaintiff is correct and defendant has misread or otherwise misunderstood the nature and effect of this Court's determination on this issue, defendant respectfully withdraws its request that this issue be reconsidered and reversed, and additionally requests that this Court enter an order expressly precluding the plaintiff from asserting a claim for actual damages on his own behalf or on behalf of the putative class. To the extent that plaintiff's proffered interpretation of this Court's determination of the issue of "detrimental reliance" in its December 1, 2009 Order is incorrect, defendant re-asserts the arguments contained in its Motion to Reconsider as to this issue.

**Conclusion**

For these reasons, defendant Burling Bank's Motion to Reconsider should be granted and summary judgment in favor of plaintiff should be reversed.

BURLING BANK,

By: /s/ Claire E. Gorman
One of its attorneys

Michael H. Moirano
Claire E. Gorman
Nisen & Elliott, LLC
200 W. Adams, Suite 2500
Chicago, IL  60606
(312) 346-7800