# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1332 | **DATE** | January 25, 2010 |
| **CASE TITLE** | *Boecherer v. Burling Bank* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the defendant's motion to reconsider [104-1] is granted in part and denied in part.

■[ For further details see text below.]     Docketing to Mail Notices.

00:00

## STATEMENT

On December 1, 2009, this court issued its order granting in part and denying in part the parties' cross motions for summary judgment. The defendant-bank has now filed a motion for reconsideration. For the reasons stated below, the motion is granted in part and denied in part.

The court assumes familiarity with the facts and procedural history of this case. The defendant moves for reconsideration on two issues: (1) whether there is sufficient evidence to create a genuine issue of material fact as to whether the fee notices were removed by a third party unrelated to the defendant or fell off without any third-party intervention and (2) whether the defendant "waived" or "abandoned" its detrimental reliance argument.

**Evidence regarding removal of fee notices**. Under the Electronic Funds Transfer Act ("EFTA"), a bank is required to post a notice telling users that they will be subject to a fee for using the ATM. The plaintiff alleges that when he used the defendant's ATM in August 2007, it did not have the required fee notice posted. The defendant moved for summary judgment arguing that it was protected from liability under § 1693h(d) of the EFTA, which states:

> (d) Exception for damaged notices:
>
> If the notice required to be posted pursuant to section 1693b(d)(3)(B)(i) of this title by an automated teller machine operator has been posted by such operator in compliance with such section and *the notice is subsequently removed, damaged, or altered by any person other than the operator of the automated teller machine*, the operator shall have no liability under this section for failure to comply with section 1693b(d)(3)(B)(i) of this title.

15 U.S.C. § 1693h(d)(emphasis added).

**STATEMENT**

The bank sought summary judgment under this provision arguing that there was no genuine issue of material fact that it had posted a fee notice and that the notice was subsequently removed by someone other than a bank employee or someone acting with authorization from Burling Bank. The court denied summary judgment on the ground that the defendant had failed to point to any specific evidence that the notice was "removed, damaged, or altered by any person other than the operator of the automated teller machine," as the statutory language requires. Moreover, the court concluded that because the bank had failed to point to such evidence, the plaintiff was entitled to summary judgment on this issue.

The bank now moves for reconsideration arguing that the court should not have granted summary judgment to the plaintiff on this ground. According to the bank, the court's conclusion that the bank was not entitled to summary judgment as to this section "does not warrant the entry of summary judgment in favor of plaintiff as to the applicability of this exception." Motion to Reconsider, Dkt. #104, at 6. The bank asserts that a genuine issue of material fact exists as to whether the notices were removed or altered by any party other than the bank and, therefore, summary judgment on behalf of the plaintiff is improper. It contends that the plaintiff "is not entitled to summary judgment as a matter of law as to the non-applicability of Section 1693h(d) where [he] has not produced any evidence that the notice 'fell off' the machines without third party provocation." *Id.* at 8.

As another court in this district has noted:

> Where the nonmoving party bears the burden of proof at trial–as [the defendant] does on his affirmative defenses, *Taylor v. Sturgell*, ---U.S. ----, 128 S.Ct. 2161, 2179-2180, 171 L.Ed.2d 155 (2008)-he must present specific facts showing a genuine issue to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996)("If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party."). A genuine issue of material fact exists, precluding summary judgment, "only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Sides v. City of Champaign*, 496 F.3d 820, 826 (7th Cir. 2007).

*Ner Tamid Congregation of North Town v. Krivoruchko*, 638 F. Supp. 2d 913, 919 (N.D. Ill. 2009).

The plaintiff cross-moved for partial summary judgment as to liability, pointing to photographs taken by the plaintiff showing that the notices were not present. When faced with the motion, the bank raised a statutory defense under 15 U.S.C. § 1693h(d), which states that the ATM operator cannot be held liable for failing to have a notice disclosing the ATM fee posted if the notice was "subsequently removed, damaged, or altered by any person other than the operator of the automated teller machine." As noted above, the bank, not the plaintiff, bears the burden of proof at trial as to its affirmative defense. On summary judgment, the bank had to come forward with specific competent evidence such that a jury could conclude that the notice had been "subsequently removed, damaged or altered by any person other than the operator of the automated teller machine." The court found that the bank had failed to meet its burden and the bank has not pointed to anything in its motion to reconsider to alter that conclusion.

The bank's motion to reconsider this issue is denied.

**Detrimental reliance**. The bank next contends that the court should not have denied the defendant's motion for summary judgment that the plaintiff has no evidence establishing detrimental reliance or causation. The court stated that because the plaintiff had not responded to the argument and the defendant did

**STATEMENT**

not address it in its reply, the court considered the argument abandoned and would not address it. The defendant states that it did address the detrimental reliance argument in its reply brief, noting that the plaintiff failed to respond to the argument and again asserting that the plaintiff had not and could not show detrimental reliance or causation as was required to recover actual damages.

The plaintiff, for his part, appears to have construed the order as stating that he has abandoned any argument that there was detrimental reliance or causation. Indeed, he states in response to the motion for reconsideration that the defendant has "misread the order" and that the court had ruled in the defendant's favor on this issue.

The defendant's position that the court had ruled that it had abandoned its argument is actually the correct one. The court, however, as noted by the defendant, neglected to credit its argument in its reply brief. The court regrets this oversight. The defendant did not abandon the argument. Instead, as the plaintiff appears to acknowledge, he did not provide any evidence of detrimental reliance or causation, and thus, cannot recover actual damages. The court, therefore, grants the motion to reconsider in this respect and grants judgment in favor of the defendant on this issue.

The plaintiff's motion for reconsideration is granted in part and denied in part. The court strongly urges the parties to approach the upcoming settlement conference with a serious intent to settle this case.

RH/p